IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20987
Summary Calendar
_____

KENNETH ELWOOD NARRON,

Plaintiff-Appellant,

versus

CAROL VANCE ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CV-327
- - - - - - - - - -
October 21, 1997
Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kenneth Elwood Narron appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915A. Narron argues that the district court abused its discretion in dismissing his Eighth Amendment conditions of confinement and medical claims arising out of his alleged exposure to the chemical "Scotchlite" manufactured by 3-M Company and used at TDCJ-ID's license plate plant. We have reviewed the record and found no error in the reasoning of the district court in the

_____

[*]

Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissal of these claims. See Narron v. Vance, No. H-95-327 (S.D. Tex., Sept. 13, 1996).

Narron argues that the district court abused its discretion when it denied him permission to amend his complaint and in limiting his amended complaint to ten pages. Narron did not in the district court and still does not on appeal state what he intended to allege in his amended complaint which would have changed the outcome of this case. The district court did not abuse its discretion in denying leave to amend the complaint. Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1993).

Narron argues that because 3-M supplied the chemical and supervised its use, it acted under color of state law for § 1983 purposes. The fact that 3-M had a contract with TDCJ to supply a chemical does not make 3-M a state actor. See Albright v. Longview Police Dept., 884 F.2d 835, 840-41 (5th Cir. 1989)(hospital contracted with state to operate and manage a facility; only functional interrelationship was the lease; hospital not a state actor).

Narron raises numerous other issues related to various motions filed by him in the district court and denied as moot, such as discovery matters, intervention, class action certification, medical testing, TRO and permanent injunction, and air, water and soil testing. Because Narron's underlying claims were frivolous, the district court properly denied these motions as moot.

Narron's appeal is without arguable merit and, thus, frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.  Narron is cautioned that any future frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  Narron is cautioned further to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED.